STATE OF NORTH CAROLINA v. HERDIS C. COVINGTON, JR.

No. 7710SC328

(Filed 16 November 1977)

1. **Constitutional Law § 12.1; Professions and Occupations— unlawful practice of engineering—statute not vague**

Former G.S. Chapter 89 which defined the term "practice of professional engineering" was not so vague as to fail adequately to apprise defendant and others of what conduct was in violation of the statute, and defendant's conduct was unquestionably within the purview of Chapter 89 where he performed engineering design work for buildings and machinery of the type covered by the statute and where he represented to an engineer in his employ that he (the defendant) was an engineer.

2. **Professions and Occupations— unlawful practice of engineering—advertisements by firm—defendant as president of firm—admissibility of evidence**

In a prosecution of defendant for the unlawful practice of engineering without first being registered, the trial court did not err in allowing into evidence advertisements for defendant's firm indicating the firm's engineering capabilities, a list of the firm's active jobs containing the notation that some jobs were released by defendant without registered engineer's approval, pamphlets setting forth the firm's fees for performing engineering services, and a brochure promoting the firm's design engineering services, since defendant was the president of the firm; neither of the firm's other two principals had any responsibility for engineering functions; and the firm was practicing engineering and promoting its engineering services with the knowledge of the defendant and under his supervision.

3. **Criminal Law § 162.6— general objection at trial—specific objection raised on appeal—no consideration**

Where defendant objected only generally to the admission into evidence of Xerox copies of pages from a magazine, no question of authenticity of the

document was brought to the attention of the court or the prosecution, and defendant cannot raise the question for the first time on appeal.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 2 December 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 21 September 1977.

Defendant was tried before a jury on charges that he unlawfully, and willfully practiced the profession of engineering without first being registered as required by statute, in violation of G.S. 89-11.

Evidence presented by the State tended to indicate that defendant was president of a corporation, H. C. Covington & Associates, Inc., which performed engineering services and advertised and promoted these services under the firm's name. Some of the advertisements and promotional literature were published at a time when the firm employed no registered engineer. On at least one occasion, defendant represented to an employee that he was an engineer, and on numerous occasions he personally performed engineering design functions. Other pertinent evidence will be discussed in connection with the issues to which they pertain.

The jury returned a verdict of guilty as charged. From judgment imposing imprisonment for 90 days, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Gary S. Lawrence and Maupin, Taylor & Ellis, by Albert R. Bell, Jr., for defendant appellant.*

BROCK, Chief Judge.

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss the charges on the grounds that N.C. G.S. Chapter 89 is unconstitutional on its face. Specifically, defendant argues that the definition of the term "practice of professional engineering" is overly broad, vague and ambiguous, and fails adequately to apprise the defendant and others of what conduct is in violation of the statute, in contravention of defendant's rights to due process of law.

At the outset we note that defendant purports to challenge the statute for vagueness *and* overbreadth. These are two distinct doctrines of constitutional law, with the overbreadth doctrine primarily applicable in the first amendment area. *See* Annot. 45 L.Ed. 2d 725 (1976). Yet the substance of defendant's argument relates only to considerations under the vagueness doctrine, and thus we do not consider any questions of overbreadth.

N.C. G.S. Chapter 89, under which defendant was prosecuted, has been repealed and replaced by new Chapter 89C; however, it is Chapter 89 with which we are concerned. The pertinent sections of Chapter 89 which define the practice of professional engineering are as follows:

G.S. 89-2

"(6) The term 'practice of professional engineering' within the meaning and intent of this Chapter shall mean any professional service or creative work requiring engineering education, training, and experience and the application of special knowledge of the mathematical, physical and engineering sciences to such professional services or creative work as consultation, investigation, evaluation, planning, design, and supervision of construction for the purpose of assuring compliance with specifications and design, in connection with any public or private utilities, structures or building incidental to machines, equipment, processes, works or projects, . . . ."

"A person shall be construed to practice engineering, within the intent and meaning of this Chapter, who practices or offers to practice any branch of engineering; or who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be, or capable of being, an engineer, or through the use of some other title implies that he is an engineer; or who does perform any engineering service or work or professional service recognized by the profession as engineering.

(7) The term 'professional engineer' within the meaning and intent of this Chapter shall mean a person who, by reason of his special knowledge of the mathematical, physical and engineering sciences, and the principles and methods of engineering analysis and design, acquired by professional

education, and/or practical experience, is qualified to engage in the practice of professional engineering as hereinafter defined as attested by his legal registration as a professional engineer."

A statute may be unconstitutionally vague "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *In re Burrus*, 275 N.C. 517, 531, 169 S.E. 2d 879, 888 (1969). Defendant contends that terms such as "*any* professional service or creative work requiring . . . the application of *special* knowledge . . . to such *professional* services or creative work as *consultation, investigation, evaluation, planning, design* . . . ." (emphasis defendant's) used to define professional engineering are ambiguous and subject to varying interpretations. Yet "impossible standards of statutory clarity are not required by the constitution. When the language of a statute provides an adequate warning as to the conduct it condemns and prescribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met." *In re Burrus, supra.*

Vagueness challenges not involving first amendment freedoms must be examined in light of the facts of the case at hand. *U.S. v. Mazurie*, 419 U.S. 544, 42 L.Ed. 2d 706, 95 S.Ct. 710 (1975). This principle would appear to apply even though defendant argues only that the statute is unconstitutional on its face and does not argue in the alternative that it is unconstitutional as applied to him. The record reveals testimony that defendant performed engineering design work for buildings and machinery of the type unquestionably covered by the statute. There is also testimony that defendant represented to an engineer in his employ that he (the defendant) was an engineer. This conduct is unquestionably within the purview of Chapter 89.

There is a well-established presumption in favor of the constitutionality of an act of the Legislature, *Mitchell v. Financing Authority*, 273 N.C. 137, 159 S.E. 2d 745 (1968); the courts will not declare a statute unconstitutional unless it is clearly so. *Hobbs v. Moore County*, 267 N.C. 665, 149 S.E. 2d 1 (1966). Defendant has not met his burden of showing that the statute provides inadequate warning as to the conduct it covers or is incapable of

uniform administration by the courts. Nor are we persuaded by defendant's argument that Chapter 89C, which re-defined "the practice of engineering", can be considered an admission by the Legislature that the former statute set forth inadequate guidelines. Defendant's assignment of error challenging the constitutionality of the statute under which he was convicted is overruled.

[2] Defendant next assigns error to the admission into evidence at trial of the following: yellow pages from the 1975 Raleigh, North Carolina, telephone directory showing defendant's firm, H. C. Covington & Associates, Inc. under listings for "Engineers-Consulting" and "Engineers-Industrial"; a page from the 1 March 1975 issue of *Southern Lumberman* containing an advertisement of the firm's engineering capabilities; a page from the 16 January 1975 *Associated General Contractors Weekly Bulletin* depicting the firm as having engineering capabilities; a list of the firm's active jobs dated 26 September 1974 containing the notation "Some jobs released by Mr. Covington without registered engineer's approval"; two pamphlets setting forth the firm's fees for performing engineering services; and a brochure promoting the firm's design engineering services. Defendant argues that this evidence dealt solely with the potential liability of H. C. Covington & Associates, Inc. and was irrelevant to the defendant's individual liability. This contention is without merit.

It is true that the corporate entity, H. C. Covington & Associates, Inc., was not on trial in this case. However, the evidence indicates that defendant was the president of the corporation, that neither of the corporation's other two principals had any responsibility for engineering functions, and that the corporation was practicing engineering and promoting its engineering services with the knowledge of the defendant and under his supervision. Defendant will not be permitted to use the corporate entity as a shield for his activities in violation of the statute. *See Henderson v. Finance Co.*, 273 N.C. 253, 160 S.E. 2d 39 (1968).

The challenged evidence is all relevant as indicating that defendant, through H. C. Covington & Associates, Inc. engaged in or offered to engage in the unauthorized practice of engineering in violation of G.S. 89-11. Thus the trial court properly admitted the exhibits into evidence and this assignment of error is overruled.

**[3]** Defendant next assigns error to the admission into evidence of xerox copies of pages from the *Southern Lumberman*. Defendant argues that the State failed to lay a proper foundation for the admission of the xerox copies in lieu of the original. By this assignment of error, defendant seeks to question the authenticity of the exhibit under the best evidence rule; however, he only objected generally to the admission of the evidence at trial. No question of the authenticity of the document was brought to the attention of the court or the prosecution. Under these circumstances, defendant will not be heard to raise the question for the first time on appeal. This assignment of error is overruled.

The next assignment of error deals with the denial of defendant's motion for judgment as of nonsuit. This raises the question of the sufficiency of the evidence for the jury to find that the defendant committed the offense charged. *State v. Hines*, 286 N.C. 377, 211 S.E. 2d 201 (1975). Having carefully examined the record in this case, we hold that there was substantial evidence that defendant engaged in and offered to engage in the unauthorized practice of engineering in violation of G.S. 89-11 and the trial court properly overruled defendant's motion for judgment as of nonsuit.

Defendant's remaining formal assignments of error are overruled.

No error.

Judges BRITT and MORRIS concur.