STATE OF NORTH CAROLINA v. TRAVIS BLACKBURN

No. 7723SC467

(Filed 21 December 1977)

**1. Narcotics § 4.1— possession of marijuana—marijuana found in mobile home— mobile home as defendant's residence—sufficiency of evidence**

In a prosecution for possession of marijuana with intent to sell and deliver, evidence was sufficient to show that a mobile home in which officers found over fourteen grams of marijuana was the residence of defendant where it tended to show that a search warrant was issued to search defendant's premises; the officers went to the premises; they testified several times that the mobile home was the residence of defendant; defendant came to the premises about five to ten minutes after the officers started their search; when defendant arrived the search warrant was read to him and a copy delivered to him; defendant's stepson later arrived at the premises; and correspondence bearing defendant's name was found in a bedroom in the mobile home.

**2. Criminal Law § 158.2; Narcotics § 4.1— manufacture of marijuana—marijuana growing in fields—connection with defendant's residence—sufficiency of evidence**

In a prosecution for manufacture of marijuana, defendant failed to support adequately his argument that fields near his residence in which officers found marijuana growing were not shown to have any connection with defendant or his residence, since officers testified at trial concerning the fields and their connection with defendant's residence using a blackboard diagram; the diagram and testimony related thereto were sufficient to cause the trial judge to submit the case to the jury and to cause the jury to return its verdict of guilty; and defendant failed to include the diagram or a picture thereof in the record on appeal.

**3. Criminal Law § 99.4— trial court's comment—no expression of opinion on evidence**

In a prosecution for manufacture of and possession with intent to sell marijuana where defendant claimed that there was no showing that the residence where officers found marijuana belonged to defendant, the trial court did not express an opinion that the fact of defendant's residence had been proven where the court, in explaining to defense counsel why an objection was groundless, repeated accurately the substance of a witness's testimony with respect to defendant's residence.

**4. Narcotics § 3.1— possession and manufacture of marijuana—marijuana growing in field—remoteness of evidence**

In a prosecution for manufacture of and possession with intent to sell marijuana, the trial court did not err in admitting evidence of marijuana found in a field to the rear of a store operated by defendant, and defendant's contention that the evidence was too remote chronologically and geographically is without merit.

5. **Narcotics § 2— possession with intent to sell marijuana—no variance between indictment and proof**

There was no fatal variance between an indictment which alleged possession with intent to sell and deliver "more than one ounce of marijuana" and evidence which showed that defendant possessed fourteen grams of marijuana.

APPEAL by defendant from *Crissman, Judge.* Judgments entered 17 February 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 20 October 1977.

Defendant was charged in one bill of indictment (case No. 76CR5669) with possession with intent to sell and deliver a controlled substance (marijuana); and in a second bill of indictment (case No. 76CR5670) with the manufacture of a controlled substance (marijuana).

From verdicts of guilty as charged and jugments of imprisonment defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General William A. Raney, Jr., for the State.*

*Porter, Conner & Winslow, by Kurt R. Conner, and Moore & Willardson, by Larry S. Moore and John S. Willardson, for the defendant.*

BROCK, Chief Judge.

Defendant first argues that the evidence was not sufficient to justify submission of either case to the jury. Defendant offered no evidence and his motions to dismiss were denied. He assigns as error the denial of his motions.

Case No. 76CR5669 (possession with intent to sell and deliver): Officers went to the mobile home residence of defendant with a warrant authorizing a search of defendant's premises. The mobile home was located in the Shepherds Crossroad section of Wilkes County and at the end of a dirt roadway about nine-tenths of a mile from its intersection with a paved roadway. Defendant was not present when the officers began their search but he arrived about five to ten minutes later. Inside the mobile home residence officers found cigarette butts in a container under the kitchen sink. These contained marijuana. In a drawer in a bedroom the officers found a plastic bag of marijuana with loose

marijuana also in the drawer. The plastic bag contained 14 grams of marijuana.

[1] Defendant argues that the State failed to show that the mobile home was the residence of defendant and therefore there was no showing of possession or control of the marijuana by defendant. While it is true that there was no evidence of formal title to the premises, nevertheless the evidence was sufficient to justify a finding that the mobile home was the residence of defendant. A search warrant was issued to search the defendant's premises; the officers went to the premises; they testified several times that the mobile home was the residence of defendant; defendant came to the premises about five to ten minutes after the officers started their search; when defendant arrived the search warrant was read to him and a copy delivered to him; defendant's stepson later arrived at the premises; correspondence bearing defendant's name was found in a bedroom in the mobile home. These circumstances constitute sufficient evidence of possession and control of the mobile home. "Where such materials [narcotics] are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972).

[2] Case No. 76CR5670 (manufacture of marijuana): The officers found about thirteen fields in which were growing large numbers of marijuana plants. These fields were in the immediate area of defendant's residence. Defendant argues nevertheless that the fields are not shown to have any connection with defendant or his residence. It is true that the recorded testimony of the officers does not connect the defendant or his residence with the fields. However, it is clear from the record on appeal that the officer drew a diagram on the blackboard locating the fields and the well worn paths in relation to defendant's residence. This main diagram with which the officer illustrated his testimony to the trial judge and jury was not sent to us as an exhibit. Our efforts to have it certified to us by the Clerk of Superior Court have been unsuccessful. The information we received was that a photograph of the diagram was taken, but the photograph has become lost.

All of the testimony of the officer concerning the fields and paths was given in such terms as "this field", "in this area", "trail that leads back over this area here", and "it comes by here and continues on out to the trailer." The record on appeal clearly indicates that the officer drew a diagram of the several fields, the paths, and the defendant's residence on the blackboard. His entire testimony was with relation to "here", "there", and "along here" as he obviously pointed to the diagram on the blackboard. No effort was made to make his testimony descriptive as to location except by reference to the diagram. We, therefore, cannot read the testimony and discern the relative locations of the paths the fields, and defendant's residence. However, the trial judge and the jury were made fully aware of these relative locations.

We presume the regularity of the trial. The burden is on the appellant to demonstrate the irregularity of error in the trial. We will not presume the absence of evidence to connect defendant with the fields of marijuana where the defendant has failed, albeit, perhaps, through no fault of his own, to bring to us all the evidence relative to his argument for dismissal. Clearly this diagram upon which the State, the trial judge, and the jury relied had sufficient probative value to cause the trial judge to submit the case to the jury, and to cause the jury to return its verdict of guilty. Appellant has the duty to see to the preservation of the record pertinent to his argument on appeal, and to demonstrate the error.

Defendant has failed to show error in the submission of the case to the jury. We find no error in the denial of defendant's motions to dismiss.

[3]   By his assignment of error No. 2 defendant contends that the trial judge expressed an opinion that the fact of defendant's residence had been proven. Officer Garris testified before the jury, *inter alia*, as follows: "I participated in the investigation of criminal offenses against the defendant Travis Blackburn . . . . I had occasion to be at the residence or place of business of Travis Blackburn. That was when we executed a search warrant on August 5, 1976. We went to Mr. Blackburn's residence . . . but found that there was no one at the residence at that time. We knocked on the door and asked if there was anybody at home and looked around the premises but could not locate anyone. . . . Officer Radcliffe read the search warrant and we went inside the

State v. Blackburn

trailer. . . . A short time later, 5 or 10 minutes, Mr. Blackburn came to the trailer." Later, after a *voir dire* concerning the validity of the search warrant, the same Officer Garris testified: "A short time thereafter we conferred with Captain Isaacs in reference to some fields being found near the residence of Mr. Blackburn." At this time counsel for the defendant objected "to the expression 'residence' of Mr. Blackburn" on the grounds that "that has not been established yet." By way of overruling the objection the trial judge stated, "He testified that he went to the residence of this defendant and knocked on the door and read the search warrant, and that the defendant came up about five minutes later."

We do not view this as an expression of opinion on the evidence. The trial judge, as a matter of courtesy, merely pointed out to counsel why the objection was groundless. The statement of the substance of the witness's testimony with respect to the residence was an accurate statement. This assignment of error is overruled.

[4]  By his third assignment of error defendant contends that the trial judge committed error in admitting evidence of marijuana found in a field to the rear of a store operated by defendant. Defendant argues that the evidence is too remote chronologically and geographically. Chronologically, defendant argues that the indictment charges "on or about the 5th day of August" and the testimony shows that the officer observed this particular field on the 10th or 12th of August. We observe two weaknesses to this argument: (1) time is not necessarily an essential element of the offense of manufacturing marijuana; and (2) the size of the marijuana plants found in the field on 10 or 12 August was sufficient to show that the marijuana plants were in place on 5 August. Geographically, defendant argues that the testimony does not place this particular field "near defendant's residence" as alleged in the bill of indictment. From the record on appeal it is clear that the State's witness drew the field and the store on the blackboard diagram and demonstrated its relation to defendant's residence. Here again defendant has failed to demonstrate that the State's evidence showed geographical remoteness. Without the benefit of the crucial diagram we cannot interpret the testimony. We do not presume a failure by the State to make out its case. This assignment of error is overruled.

---

---

**[5]**   Defendant's fourth assignment of error raises the question of a variance between indictment and proof. By his motion to dismiss defendant properly raised this question. The indictment charges possession with intent to sell and deliver "more than one ounce of marijuana." The evidence shows 14 grams of marijuana, exclusive of that found in the fields. Assuming that the abundance of marijuana found in the fields must be excluded as relating only to the manufacturing charge, we do not find a fatal variance. If the 14 grams is sufficient to support the charge of possession with intent to sell and deliver it does not matter that the State alleged more than one ounce. G.S. 90-95(a)(1) and G.S. 90-95(b)(2) are controlling in this case. The first (90-95[a][1]) makes it unlawful to possess with intent to sell or deliver marijuana. The second (90-95[b][2]) makes a violation of the first a felony, except as to a transfer of less than 5 grams of marijuana for no remuneration. The district attorney obviously drafted the indictment intending to convict defendant of "possession" in violation of G.S. 90-95(d)(4) at least in the event he was unable to make out a case of "possession with intent to sell and deliver." We find no fatal variance between the allegata and the probata. This assignment of error is overruled.

We have reviewed defendant's assignments of error to the jury instructions and to the admission of exhibits. We find no prejudicial error and see no value in a detailed discussion. They are each overruled.

Defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ARNOLD concur.