STATE OF NORTH CAROLINA v. CHARLES E. OWEN

No. 8029SC1012

(Filed 7 April 1981)

Narcotics § 4.3– manufacturing marijuana – constructive possession – sufficiency of evidence

In a prosecution for the manufacture of marijuana where the State offered evidence that defendant lived in one of two adjacent trailers, that a worn path leading from a marijuana patch ended in grass between the two trailers some 10 or 15 feet behind them, and that the path would have been easily accessible to both defendant and an occupant of the other trailer, had it been occupied, and defendant offered testimony by a witness that he had lived in the trailer next to defendant's but that he did not know the marijuana patch was there before a raid by law officers, evidence was sufficient for the jury to find that defendant was in constructive possession of the marijuana patch and that he was guilty of manufacturing marijuana.

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgment entered 11 October 1979 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 4 March 1981.

Defendant was found guilty, as charged, of manufacturing marijuana on or about 21 August 1979, and he appeals from the judgment imposing a prison term of three years, suspended for probation with special conditions.

## STATE'S EVIDENCE

The witnesses for the State were two law officers, who testified in substance that they found a patch of marijuana on a ridge located behind the defendant's trailer. There was another trailer located beside the one occupied by defendant but neither officer knew if the other trailer was occupied at that time. The patch was located 50 to 100 feet from the two trailers. There was a worn path or trail from the patch down the ridge and ending in the grass some 10 to 15 feet from the trailers. The land on which the trailers sat and where the marijuana patch was located was not owned by defendant. There were no other residences within a half mile of the patch.

Behind defendant's trailer under a tree was some manure and dirt.

Defendant's motion to dismiss was denied.

## DEFENDANT'S EVIDENCE

The distance from defendant's trailer to the marijuana patch by way of the path was 176 feet.

The trailer next to defendant's had been occupied since January 1979.

Defendant's motion to dismiss at the close of all the evidence was denied.

*Attorney General Edmisten by Assistant Attorney General Archie W. Anders for the State.*

*Ramsey, White & Cilley by Robert S. Cilley for defendant appellant.*

CLARK, Judge.

The evidence, considered in the light most favorable to the

State, was sufficient to support the jury finding that the defendant was guilty of manufacturing marijuana.

The burden was on the State to offer substantial evidence that defendant was in constructive possession of the patch of marijuana plants located near the trailer occupied by the defendant. *See State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Constructive possession of a contraband material exists when there was no actual personal dominion over the material but when there is an intent and capability to maintain control and dominion over it. *State v. Davis,* 25 N.C. App. 181, 212 S.E. 2d 516 (1975).

The defendant moved to dismiss upon the close of the State's evidence. G.S. 15A-1227. The trial court erred in denying the motion because there was not substantial evidence that defendant was in constructive possession of the patch of marijuana plants located near his trailer. The arresting officer testified that he did not know whether the other trailer, beside the one occupied by defendant, was occupied. The worn path leading from the marijuana patch ended in grass between the two trailers, some 10 or 15 feet behind the two trailers, and the path or trail would have been easily accessible to both defendant and an occupant of the other trailer if the other trailer were occupied.

The defendant, however, did not elect to rest and rely on the weakness of the State's evidence at that stage of the trial. Instead, the defendant elected to introduce evidence, and in doing so he waived the motion for dismissal at the close of the State's evidence. G.S. 15-173; *State v. Alston,* 44 N.C. App. 72, 259 S.E. 2d 767 (1979); *State v. Stevens,* 9 N.C. App. 665, 177 S.E. 2d 339 (1970).

The defendant renewed his motion to dismiss upon the close of all the evidence, which presented the question of the sufficiency of all of the evidence to go to the jury. The defendant offered as a witness William E. Newman, Jr., who testified that he had lived in the trailer next to defendant's since January 1979, but that he did not know the marijuana patch was there before the raid on 21 August 1979. It must be concluded that since Newman had no knowledge of the marijuana patch he did not use the worn path leading from between the two trailers to the marijuana patch, and the only reasonable inference is that

it was defendant who regularly used the worn path in going from his trailer to the marijuana patch for the purpose of planting and cultivating (manufacturing) the marijuana plants.

In *State v. McKinney,* 288 N.C. 113, 117, 215 S.E. 2d 578, 581-82 (1975), Justice Huskins wrote:

> "A motion to nonsuit in a criminal case requires consideration of the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967). Contradictions and discrepancies are for the jury to resolve and do not warrant nonsuit. *State v. Bolin,* 281 N.C. 415, 189 S.E. 2d 235 (1972); *State v. Greene,* 278 N.C. 649, 180 S.E. 2d 789 (1971). All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the Court in ruling upon the motion. *State v. Cutler, supra; State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833 (1966). If there is substantial evidence — whether direct, circumstantial, or both — to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and nonsuit should be denied. *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968); *State v. Norggins,* 215 N.C. 220, 1 S.E. 2d 533 (1939)."

Applying these governing principles to all the evidence in this case, we hold the evidence sufficient to support the jury verdict.

There are several recent cases involving constructive possession of marijuana plants growing in a field, *see State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972); *State v. Blackburn,* 34 N.C. App. 683, 239 S.E. 2d 626 (1977), *disc. rev. denied,* 294 N.C. 442, 241 S.E. 2d 522 (1978); *State v. Wiggins,* 33 N.C. App. 291, 235 S.E. 2d 265, *cert. denied,* 293 N.C. 592, 241 S.E. 2d 513 (1977). The factual circumstances vary, and none of the three are substantially similar to the case *sub judice,* where the circumstances point unerringly to defendant. Here defendant, by his own evidence, has directed suspicion away from the occupant of the nearby trailer, leaving himself as the only likely constructive possessor of the marijuana patch.

We have examined and considered defendant's other

assignments of error and arguments and find them to be without merit.

No error.

Judges ARNOLD and MARTIN (Harry C.) concur.