STATE OF NORTH CAROLINA v. JIMMIE HARRISON BAIZE

No. 8315SC1167

(Filed 4 December 1984)

1. **Criminal Law § 117.4— accomplice testimony—special scrutiny instruction given after testimony—no error**

There was no error when the trial court gave a special scrutiny instruction to the jury regarding an accomplice's testimony only *after* she had presented damaging evidence. The accomplice was not ordered to testify by the judge, defendant did not request an instruction, and the nature of the accomplice's agreement with the prosecutor and her motivation was exhaustively presented to the jury. G.S. 15A-1052(c) (1983).

2. **Criminal Law § 89.5— prior statements by witness—admissible for corroboration despite minor variations**

Transcripts of two police interviews with an accomplice were properly admitted for the purpose of corroborating the accomplice's testimony. The transcripts and the testimony were consistent except for a few minor details, and the accomplice's admission that she was not telling the truth in the first interview affects credibility, not admissibility, especially since she made the same admission in the interview.

3. **Criminal Law § 89.2— transcript of police interview—admissible as corroboration**

There was no error in admitting a transcript of a prior police interview to corroborate an accomplice's testimony where the officer who asked the questions in the interview was not the officer who read the transcript in court. The whole testimony, including the questions, is that of the witness rather than the questioner, and it is sufficient if the accomplice's statements, in the context of the questions asked, corroborated her trial testimony.

4. **Criminal Law § 80.1— transcript of police interview—no formal authentication —no objection—admissible**

There was no error in admitting a transcript of a prior police interview with an accomplice when the transcript had never been formally authenticated and when the court did not give an instruction on its limited corroborative purpose prior to the reading of the transcript. Defendant did not object to the lack of authentication at trial, the accomplice had earlier identified the statement, the transcript of a second interview was properly authenticated and was introduced, and there was no request for instructions prior to the reading of the interview.

5. **Narcotics § 1.3— trafficking by possession and delivery—separate crimes**

Where defendant was indicted for trafficking in cocaine by possession and delivery, there was no constitutional error in the denial of defendant's motion to dismiss one of the offenses on the grounds that delivery includes possession. G.S. 90-95(h)(3) (Supp. 1983).

State v. Baize

**6. Narcotics § 4; Conspiracy § 6— conspiracy to traffic—evidence sufficient**

There was sufficient evidence to take a charge of conspiracy to traffic in cocaine to the jury when there was direct evidence of conversations between defendant and an accomplice regarding a sale, direct evidence of arrangements to sell cocaine, and personal participation by defendant in a scheme to deliver cocaine. Although defendant had personal possession of only one of two packages of cocaine sold, the jury had only to infer an implied agreement between defendant and the accomplice to sell both packages.

**7. Narcotics § 4— denial of motion to dismiss—failure to properly identify cocaine —general objection only—no error**

Where defendant moved to dismiss charges of possession and delivery of cocaine based on the State's failure to properly identify the cocaine, the court properly considered the evidence and denied the motion because defendant's objection had been overruled. On a motion to dismiss, the trial judge must consider all the evidence admitted, whether competent or incompetent; moreover, defendant made only a general objection "for the record" when the cocaine was admitted and did not except to the admission of the evidence. 4A N.C. Gen. Stat. App. I (2A), N.C. R. App. P. 10(a) (Supp. 1983).

**8. Narcotics § 4.1— trafficking by possession—insufficient evidence for jury—constructive possession and acting in concert inappropriate**

There was insufficient evidence to charge the jury on trafficking by possession of cocaine where two packages of cocaine were involved, each weighing slightly less than 28 grams, and there was no evidence that defendant ever had physical possession or an exclusive possessory interest in a package held by an accomplice, even though the accomplice sold that package along with a package which had been held by defendant. Constructive possession does not apply merely because the accomplice sat in defendant's car, and there was no evidence of any action by defendant to traffic by possession of 28 grams or more of cocaine. G.S. 90-95(h)(3) (Supp. 1983).

**9. Criminal Law § 171— conviction for trafficking in cocaine by possession reduced to felonious possession**

Where a conviction for trafficking by possession of cocaine was overturned because there was insufficient evidence that defendant had possession of one of two packages needed to make up the statutory amount, but there was evidence that defendant had possession of the other package and the jury must have concluded that defendant had possessed that package to find him guilty, the trafficking offense was reduced to the lesser included offense of felonious possession of cocaine.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 9 July 1983 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 22 August 1984.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*E. Raymond Alexander, Jr., and Grady Joseph Wheeler, Jr., for defendant appellant.*

BECTON, Judge.

Defendant appeals from his convictions of felonious delivery of cocaine, conspiracy to traffic in cocaine and trafficking by possession of cocaine.

The principal evidence for the State was the testimony of an accomplice, Ernestine McDowell, given pursuant to an arrangement for truthful testimony. The defendant, Jimmie Harrison Baize, presented no evidence.

The State's evidence tended to show the following events on 30 September 1982. Undercover agents telephoned A. R. Dickey's house several times that day to arrange a cocaine deal. Baize, McDowell and Dickey were there during one of the calls. Dickey told Baize that the buyer wanted "more than we have." However, a meeting was arranged anyway.

Before the three left Dickey's house, Dickey picked up a foil-wrapped packet from the mantelpiece and placed it in his pocket. Dickey and McDowell, riding in McDowell's car, followed Baize in his car. At some point, Dickey and McDowell joined Baize in his car. After dropping McDowell and Dickey off, Baize left alone. He returned soon with a plastic bag containing white powder, which he handed to Dickey. Baize told Dickey that if the buyers "don't want this, don't let them have the other." The three then went to McDowell's car and drove both cars to the pre-arranged spot. Dickey drove McDowell's car; Baize and McDowell rode in Baize's car. While Dickey parked next to the buyer and discussed the deal, Baize and McDowell parked nearby. The three then left to discuss the deal. Baize expressed reservations, but Dickey wanted to go ahead with it.

Dickey then returned to where he had left the buyer. Several minutes later, Baize and McDowell followed him. But Baize drove past the pre-arranged spot when he saw that the police had surrounded Dickey. The police pursued Baize and McDowell, arrested

them, and conducted searches incident to the arrests. Only Dickey had narcotics with him: The foil-wrapped packet and the plastic bag, each containing 26.7 grams of a mixture containing 30% cocaine.

Baize received concurrent sentences for the three convictions, the mandatory seven years imprisonment and a $50,000 fine required by N.C. Gen. Stat. § 90-95(h)(3) and (i) (Supp. 1983), for trafficking by possession of cocaine and for conspiracy to traffic in cocaine, and three years imprisonment for felonious delivery of cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1) (Supp. 1983).

I

[1] Baize first contends that the trial court committed reversible error by giving a special scrutiny instruction regarding the "grant of immunity" to McDowell only *after* she had already presented extremely damaging evidence. McDowell was not ordered to testify by the judge, but rather testified in exchange for truthful testimony pursuant to an agreement with the prosecutor. N.C. Gen. Stat. § 15A-1052(c) (1983), *requiring* scrutiny instructions, thus did not apply. *State v. Bare*, 309 N.C. 122, 305 S.E. 2d 513 (1983); *State v. Maynard*, 65 N.C. App. 81, 308 S.E. 2d 665, *disc. rev. denied*, 310 N.C. 628, 315 S.E. 2d 694 (1983). Defendant did not request an instruction and therefore none was required. *Maynard*. The error, if any, in giving the instruction thus operated in Baize's favor. We perceive no prejudice in any event, as the nature of the agreement and McDowell's motivation was exhaustively presented to the jury. *See State v. Cousins*, 289 N.C. 540, 223 S.E. 2d 338 (1976). This assignment is accordingly overruled.

II

Baize, Dickey and McDowell were all arrested on 30 September 1982. Police interviewed McDowell at length the same day and later prepared a transcript of the interview. On 10 December 1982 police interviewed McDowell again, and a second transcript was prepared. Both transcripts were in question and answer form. Both were read into evidence at trial for the purpose of corroborating McDowell's testimony: the 30 September 1982 transcript by an officer who was present at the interview but did not ask questions, and the 10 December 1982 transcript by the officer

who conducted the examination. Baize brings forward several assignments of error regarding this evidence.

[2]   A.   Baize first contends that the testimony was inadmissible because it was not in fact corroborative. The Supreme Court has recently and exhaustively discussed the standards governing the admissibility of corroborative evidence. *State v. Burns,* 307 N.C. 224, 297 S.E. 2d 384 (1982). The evidence offered for corroboration need not tend to prove the "precise facts" testified to by the witness at trial. *Id.* Slight variances do not render the corroborative evidence inadmissible, but are expected and may even provide some indicia of truthfulness. *Id.* In theory, corroborative evidence comes in, not as proof of the matters therein, but simply as proof that the statement was made. 1 H. Brandis, *North Carolina Evidence* § 52 at 195 n. 62 (2d rev. ed. 1982). Whether the statement in fact corroborates then becomes a question for the jury on proper instruction. *Burns;* 1 H. Brandis, *supra.*

Having reviewed the statements and the trial testimony, we conclude that they do in fact substantially corroborate each other. Except for a few minor details, all three versions of the events of 30 September 1982 are consistent. Baize makes much of the fact that McDowell testified on cross-examination that she had not told the truth in the 30 September interview. This appears to go only to her credibility at trial, however, not the admissibility of the corroborative evidence, especially since she made the same admission in the interview itself. As we have noted, the substance of the stories was the same; significantly, Baize does not point out any substantive inconsistencies. Measured by the substantive standard of *Burns,* the evidence constituted admissible corroborative evidence.

[3]   B.   Baize also argues that, since the officer who asked the questions did not read the transcript of the September interview in court, the transcript does not corroborate any trial testimony. He cites no authority for his assertion that the *questions* themselves constituted separate testimony, which required *separate* corroboration. Of course we are aware that the form of questions asked before the jury may constitute grounds for objection and rulings thereon may even require reversal. *See* 1 H. Brandis, *supra,* § 31 (leading questions); *id.,* § 137 (hypothetical questions). However, it is well established that, for contextual purposes, the

whole testimony, including the questions, is that of the witness, not the questioner. The lengthy hypothetical question, to which the witness typically answers very tersely, is a perfect example. *Id.* Leading questions on cross to which the witness is *expected* to answer "yes" or "no," also become part of the testimony of the witness. *Id.* § 35 at 144. *See also* 7 J. Wigmore, *Evidence* §§ 2098, 2099, 2103 (J. Chadbourn ed. 1978); 4 S. Gard, *Jones on Evidence* § 26:28 (6th ed. 1972). We do not believe that the questions needed to corroborate prior testimony; it is sufficient, in light of the substantive test of *Burns*, that McDowell's statements, in the context of the questions asked, corroborated her trial testimony.

[4]   C.   The transcript of the 30 September interview was never formally authenticated, and Baize now assigns error. However, he failed to object to the lack of authentication at trial. *See State v. Covington*, 34 N.C. App. 457, 238 S.E. 2d 794 (1977), *disc. rev. denied and appeal dismissed*, 294 N.C. 184, 241 S.E. 2d 519 (1978) (general objection insufficient to challenge authenticity on appeal). We also note that McDowell had earlier identified the statement on Baize's cross-examination of her, and that the second transcript was properly authenticated and introduced. No reversible error appears.

Baize also assigns error to the trial court's failure to instruct the jury, prior to the reading of the first interview, on its limited corroborative purpose. It is well settled, however, that such a failure does not constitute reversible error absent a request for such. instructions. *State v. Perry*, 298 N.C. 502, 259 S.E. 2d 496 (1979) (capital case). Accordingly, this assignment of error, like the others in this group, is without merit.

III

[5]   Baize was originally indicted for two substantive trafficking offenses, possession and delivery, although the delivery charge was subsequently reduced to simple felonious delivery. He asserts constitutional error in the trial court's refusal to dismiss one of the substantive offenses, arguing that delivery necessarily includes possession. This Court has affirmatively interpreted the enumerated acts which constitute trafficking pursuant to G.S. § 90-95(h)(3) (Supp. 1983) as separate crimes. *State v. Anderson*, 57 N.C. App. 602, 292 S.E. 2d 163, *disc. rev. denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982), *followed State v. Sanderson*, 60 N.C. App.

604, 300 S.E. 2d 9, *disc. rev. denied*, 308 N.C. 679, 304 S.E. 2d 759 (1983). We relied in *Anderson* on a long line of authority interpreting similar statutory provisions. *See for example State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973). Although we are aware of Chief Judge Vaughn's expressions of concern in *Sanderson* about the *Anderson* Court's broad statutory interpretation of G.S. § 90-95(h)(3) (Supp. 1983), we follow these holdings. These two assignments of error are therefore overruled.

IV

[6] Baize contends that the State did not present sufficient evidence to take the charge of conspiracy to traffic to the jury and that the trial court thus erred in denying his motion to dismiss. The law governing the sufficiency of evidence of conspiracy was reviewed comprehensively by our Supreme Court in *State v. LeDuc*, 306 N.C. 62, 291 S.E. 2d 607 (1982). The Court restated the familiar principle that in considering challenges to the sufficiency of the evidence, the evidence is to be considered in the light most favorable to the State along with every reasonable inference therefrom. *Id.* The State need not prove an *express* agreement; evidence tending to show a mutual, implied understanding will suffice. *Id.*; *State v. Abernathy*, 295 N.C. 147, 244 S.E. 2d 373 (1978). In *LeDuc*, the Court held that since the jury had to infer defendant's identity and actions, his presence at the scene of the crime at the time his alleged unknown co-conspirators were present with the contraband, and *then* that there had been an agreement with the other unknown persons, the State violated the rule against "stacking" inferences and thus presented insufficient evidence.

In the present case, on the other hand, there was *direct* evidence of conversations between Baize and Dickey regarding a sale, *direct* evidence of arrangements to sell cocaine, and *personal participation* by Baize in a scheme to deliver cocaine. Eyewitness evidence showed that, after Baize's and Dickey's *original discussions*, Dickey took a package with him, Baize delivered another package to Dickey, and the two packages contained enough cocaine to satisfy the statutory amount. The jury only had to infer that there was an implied agreement between Baize and Dickey to sell both packages of cocaine. Once the jury reached that conclusion, the crime of conspiracy to traffic was complete. *LeDuc*;

*State v. Bindyke*, 288 N.C. 608, 220 S.E. 2d 521 (1975). Although Baize personally may never have possessed the first package, he may still be found criminally liable as a member of the conspiracy. *State v. Hairston*, 280 N.C. 220, 185 S.E. 2d 633, *cert. denied*, 409 U.S. 888, 34 L.Ed. 2d 145, 93 S.Ct. 194 (1972) (equal criminal responsibility for murder); *State v. Davis*, 203 N.C. 13, 164 S.E. 737, *cert. denied*, 287 U.S. 649, 77 L.Ed. 561, 53 S.Ct. 95 (1932) (equal responsibility where physically impossible to have committed crime). The trial court correctly denied the motion to dismiss.

V

[7]   Baize also contends that the State failed to properly identify the cocaine introduced into evidence, and therefore argues that his motion to dismiss the possession and delivery charges was improperly denied. In considering a motion to dismiss, the trial judge must consider all the evidence admitted, whether competent or incompetent. *State v. Braxton*, 294 N.C. 446, 242 S.E. 2d 769 (1978). Baize made only a general objection, "for the record," at the time the cocaine was received into evidence, which objection was overruled. The court properly considered the evidence in ruling on Baize's motion. *Id.* Assuming, *arguendo*, that Baize had excepted to the admission of the evidence, which he did not, his exception would not have validated his general objection at trial. *See* 1 H. Brandis, *supra*, § 27. The critical evidence being unexcepted to, and the evidence otherwise appearing sufficient, the assignment is overruled. 4A N.C. Gen. Stat. App. I (2A), N.C. R. App. P. 10(a) (Supp. 1983).

VI

[8]   A conviction for "trafficking in cocaine" requires the sale, manufacture, delivery, transportation, or possession of *28 grams or more* of the substance. G.S. § 90-95(h)(3) (Supp. 1983). In this case, neither the foil-wrapped packet nor the plastic bag alone contained the statutory minimum. Each weighed 26.7 grams. Baize argues that the trafficking by possession conviction cannot stand, since there is no evidence that he ever possessed the foil-wrapped packet of cocaine. There was no evidence that Baize ever personally had physical possession of the foil-wrapped packet. All the evidence showed that the packet was on Dickey's mantelpiece, that Dickey put it in his pocket, and then rode

around with Baize in McDowell's and Baize's cars before being ar-rested.

The State argues that Baize's participation in the ar-rangements for the deal established a concert of action and thus constructive possession of the cocaine. The State cites no North Carolina authority for applying the concert of action theory to possession of narcotics. We have found no cases to support a con-viction for possession of drugs under the acting in concert doc-trine when the drugs are on another person and entirely under that person's physical control. We therefore hold that the concert of action doctrine does not apply here and that the State accord-ingly failed to present sufficient evidence to support a conviction of trafficking by possession.

The doctrine of constructive possession applies when a per-son lacking actual physical possession nevertheless has the intent and capability to maintain control and dominion over a controlled substance. *State v. Williams*, 307 N.C. 452, 298 S.E. 2d 372 (1983); *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974). Numerous cases have considered this doctrine. No single factor controls. Constructive possession has been found when the narcotics were (1) on property in which the defendant had some exclusive pos-sessory interest and there is evidence of his or her presence on the property, *see State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972) ("close juxtaposition" rule) (defendant in own home near drugs); (2) on property of which defendant, although not an owner, had sole or joint physical custody, *see State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984) (defendant had key and was seen re-peatedly at apartment); *State v. Bagnard*, 24 N.C. App. 54, 210 S.E. 2d 93 (1974), *cert. denied*, 286 N.C. 416, 211 S.E. 2d 796 (1975) (defendant had keys and custody of car); *State v. Summers*, 15 N.C. App. 282, 189 S.E. 2d 807, *cert. denied*, 281 N.C. 762, 191 S.E. 2d 359 (1972) (drugs found in enclosed and protected yard next to house where defendant lived with others); or (3) in an area which the defendant frequented, usually near his or her property, *see State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1979) (defendant often in pig shed sixty feet from his house); *State v. Owen*, 51 N.C. App. 429, 276 S.E. 2d 478 (1981), *cert. denied*, 305 N.C. 154, 289 S.E. 2d 382 (1982) (worn path from defendant's trailer to mari-juana patch; other neighbor testified for defendant and denied knowledge).

In the cited constructive possession cases, the drugs were never found on another person. Baize had no exclusive possessory interest, nor did he have physical custody of the foil-wrapped packet. Moreover, the facts of this case do not match "access" cases such as *Spencer* or *Owen*, dealing with stationary physical structures, rather than other persons. We conclude that Baize did not have constructive possession of the drugs, based on the ownership, or custody of or access to property theories discussed *supra*. The State does not advance, nor do we find authority to support, the proposition that Baize had constructive possession simply because Dickey sat in Baize's car for a time.

Similarly, there is no direct evidence that Baize controlled or directed Dickey's activities. *See State v. Small,* 301 N.C. 407, 272 S.E. 2d 128 (1980). When the original arrangements were being made, it was Dickey, not Baize, who talked to the buyers. Dickey, not Baize, controlled *both* bags and made the decision to go ahead with the sale.

We are aware that our Supreme Court has upheld a conviction for possession of *burglary tools* under the acting in concert doctrine. *State v. Lovelace,* 272 N.C. 496, 158 S.E. 2d 624 (1968). There, however, both defendants were observed at the door of a restaurant, which showed evidence of tool marks around the lock, and the officer who approached observed one defendant toss away the screwdriver and hammer. The *Lovelace* Court found that the tools were accessible to both men under circumstances indicating joint action in a criminal purpose. As we have noted above, Baize never had access to the foil-wrapped packet of cocaine, and Baize was not actually present at the scene when Dickey was arrested. And there is no evidence of any action on Baize's part in furtherance of the substantive criminal act at issue, trafficking by possession of 28 grams or more of cocaine. We have found no acting in concert case in which the State was allowed to leap, in one single bound, the double hurdles of constructive presence *and* constructive possession. To allow the State to do so on the facts of this case would effectively permit the State to stack inference upon inference and would obliterate whatever distinction remains between conspiracy and acting in concert. It is to be recalled that we have upheld Baize's conspiracy to traffic in cocaine conviction.

[9] Having concluded that there was insufficient evidence to charge the jury on trafficking by possession of cocaine, we consider the jury's verdict as it relates to the lesser included offense of felonious possession of cocaine, G.S. § 90-95(d) (Supp. 1983). To find Baize guilty of trafficking by possession, the jury must have concluded that he possessed the plastic bag of cocaine. Our ruling on the foil-wrapped packet does not disturb this finding. Possession of the 26.7 gram plastic bag alone was sufficient to support a conviction of the lesser included offense of felonious possession of cocaine, on which the jury was properly instructed. Baize's conviction of trafficking by possession must therefore be reduced to the lesser included offense of felonious possession of cocaine. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982). Since the sentences for Baize's three convictions run concurrently, and since the reduction does not affect the conspiracy to traffic conviction which also carries a mandatory seven-year sentence and $50,000 fine, G.S. § 90-95(i) (Supp. 1983), no resentencing hearing is required.

## VII

We conclude that, with the exception of the one error, defendant received a fair trial, free of prejudicial error. We affirm the felonious delivery and conspiracy to traffic convictions. The conviction for trafficking by possession in case 82CRS15064 is vacated and the cause remanded solely to correct the judgment in accordance with this opinion.

No error on the trial; remanded for correction of judgment in case 82CRS15064.

Judges HILL and BRASWELL concur.