STATE OF NORTH CAROLINA v. ALEXANDER WILLIAMS

No. 454A82

(Filed 11 January 1983)

**1. Narcotics § 4.3— constructive possession—sufficiency of evidence**

In a prosecution for felonious possession of a controlled substance with intent to sell or deliver in violation of G.S. 90-95(a)(1) the State offered ample, substantial evidence to raise a reasonable inference that defendant was in constructive possession of the dwelling searched and an outbuilding behind the dwelling where the State's uncontroverted evidence showed that (1) defendant was seen in the yard at the residence on at least four occasions within two weeks of the time the heroin was seized, (2) two public works commission bills addressed to defendant were found in the dwelling, (3) a trash service bill addressed to defendant was in the house, (4) a bottle of pills bearing defendant's name was found at the residence, (5) the mailbox in front of the house bore the name Mr. and Mrs. Williams, and (6) a path led directly from the house to the dilapidated four-room building behind the residence in which the heroin was found.

**2. Narcotics § 4— possession with intent to sell or deliver—sufficiency of evidence**

The State's evidence was sufficient to permit, but not require, the jury to reasonably infer that defendant possessed 2.7 grams of heroin with intent to sell or deliver where the evidence tended to show that heroin was sold from a residence that defendant allegedly possessed; that when the police searched the residence, drug paraphernalia, some containing a heroin residue, were found in the residence; that in the shed or outbuilding behind the house, police located a large plastic bag containing two smaller bags; that one of these bags contained about 10-15 tinfoil squares, and material frequently used to package heroin for sale; and that an identifiable thumb print was found on one of the tinfoil squares, and this thumb print was later identified as being that of defendant.

APPEAL by the State pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals reported at 58 N.C. App. 307, 293 S.E. 2d 612 (1982) [*Judge Becton, Judge Hill* concurring, and *Judge Hedrick* dissenting], reversing the judgment entered by *Herring, J.,* at the 27 April 1982 Session of CUMBERLAND Superior Court.

Defendant was charged in the bill of indictment with felonious possession of a controlled substance with intent to sell or deliver in violation of G.S. 90-95(a)(1). Defendant entered a plea of not guilty and stipulated that he had previously been found guilty of the same offense.

The evidence presented by the State tended to show:

On 18 August 1980, around midnight, Fayetteville City Police Officers B. E. Hyde and Roy Baker were parked near a house at 800 Deep Creek Road. In front of this house was a mailbox that bore the name, Mr. & Mrs. Williams. At this time, Officer Hyde saw defendant standing on or near the porch of the residence at 800 Deep Creek Road. The officers had seen defendant outside the house on at least three occasions during the preceding two weeks.

On 18 August, a police informant bought heroin from Gloria Walker at the residence. Based on this knowledge, the officers obtained a search warrant for the residence on 19 August and went there to search the premises. Upon arrival, Officer Hyde knocked on the front door and announced, "Police, search warrant." After receiving no answer, he forced the door open and found six females inside the house. One of the women was Gloria Walker. Defendant was not present at the time of the search.

The officers discovered several items in the residence: drug paraphernalia, needles, syringes and cookers were found on the table in the dining room. One of the cookers was examined by Mr. J. D. Sparks, a forensic chemist and special agent with the State Bureau of Investigation. His examination revealed that it contained phenmetrozinc and heroin residue. Both of these are controlled substances. A bottle of non-controlled pills, dated 26 September 1979 and 26 March 1980, was found in a bedroom with defendant's name on the bottle. Two Public Works Commission bills were also found. Those contained the name Alex Williams and both were addressed to 800 Deep Creek Road. The first was dated 23 June 1978 and the second was dated 24 June 1980. A Travelers Trash Service bill in an envelope addressed to Alex Williams, 800 Deep Creek Road, was postmarked 26 June 1980.

After the officers searched the residence, they went to a dilapidated house located behind the residence. A single path led from the residence to this building. A search of this building disclosed a revolver, two separate plastic bags containing a white substance, and an amber-colored glass bottle which contained two pinkish-orange pills. Only one of the items discovered in the outbuilding is of significance here. One of the two plastic bags contained two smaller bags. In one of the smaller bags there was a

white substance. Mr. Sparks examined this substance and found it to be 2.7 grams of heroin at a concentration of 12%. The other small bag contained 10-15 small tinfoil squares but no controlled substance.

S. R. Jones, Supervisor of the Latent Evidence section of the Crime Laboratory with the State Bureau of Investigation, examined the tinfoil squares and found an identifiable thumb print on one of them. He testified that in his opinion the identifiable fingerprint found in the tinfoil wrapper was made by defendant. Other prints were found in the tinfoil wrapper but they were not identifiable. At the close of State's evidence, defendant elected not to offer evidence and moved for directed verdict. The trial judge denied his motion. The jury found defendant guilty of the offense charged and defendant gave notice of appeal.

The Court of Appeals reversed, holding that the evidence was insufficient to instruct the jury on possession of heroin with intent to sell or deliver.

*Rufus L. Edmisten, Attorney General, by David Roy Blackwell, Assistant Attorney General, for the State.*

*Barrington, Jones & Armstrong, P.A., by Carl A. Barrington, Jr., for defendant appellee.*

BRANCH, Chief Justice.

A motion for directed verdict has the same legal effect as a motion for judgment of nonsuit and challenges the sufficiency of the evidence to go to the jury. *State v. Glover,* 270 N.C. 319, 154 S.E. 2d 305 (1967). The motion presents to the Court the question of whether there is substantial evidence of each essential element of the crime charged or a lesser included offense, and the question of whether defendant was the perpetrator of the crime. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E. 2d 164, 169 (1980); *State v. Woods,* No. 229A82, slip op. at 4 (N.C. filed December 7, 1982). If there is such substantial evidence, the motion for directed verdict should be denied. If, however, the evidence is sufficient to raise only a suspicion as to whether the offense was in fact committed or whether the accused committed the offense, the motion should

be allowed. In ruling on this motion, the trial judge must consider the evidence in the light most favorable to the State, and "the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *State v. Thomas,* 296 N.C. 236, 244, 250 S.E. 2d 204, 208 (1978).

[1]   Constructive possession exists when a person, while not having actual possession, has the intent and capability to maintain control and dominion over a controlled substance. *State v. Baxter,* 285 N.C. 735, 208 S.E. 2d 696 (1974); *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972). In instant case, in order to withstand the motion for a directed verdict, the State was required to present substantial evidence that defendant (1) had either actual or constructive possession of the heroin and (2) possessed the heroin with intent to sell or deliver.

In *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680 (1971), officers found heroin in a Fayetteville, North Carolina, residence in which the public utilities were listed in the defendant's name. Papers bearing his name were found in the bedroom where the heroin was found and there was evidence that a sixteen-year-old boy obtained heroin from the residence searched and was selling heroin at the defendant's direction. The defendant offered evidence that he was in Maryland at the time the heroin was seized and that he did not live in the residence where the seizure was made. Concluding that defendant was in constructive possession of the heroin, this Court stated, in part:

'Where narcotics are found on the premises under the control of the defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts which might leave in the minds of the jury a reasonable doubt as to his guilt.'

*Id.* at 410, 183 S.E. 2d at 683.

This Court applied the doctrine of constructive possession in upholding the defendant's conviction of feloniously growing and possessing marijuana in *State v. Spencer, supra.* In that case the evidence tended to show that 82.2 grams of marijuana were found in a pig shed located 20 yards directly behind defendant's residence and that marijuana seeds were found in defendant's

bedroom. The defendant had been seen on many occasions around the outbuildings located directly behind his residence. We held that this evidence was sufficient to permit a reasonable inference that he was in constructive possession of the marijuana found in the pig shed. We further held that evidence of a path running from the shed to the cornfield, which was not adjoined by or intersected by other paths, was sufficient to support a reasonable inference that defendant was feloniously growing marijuana in the cornfield.

In the case before us, the State offered uncontroverted evidence that: (1) Defendant was seen in the yard at the residence located at 800 Deep Creek Road in Fayetteville, North Carolina, on at least four occasions within two weeks of the time the heroin was seized, one occasion being the night of 18 August 1980, or the early morning hours of 19 August 1980. (2) Two Public Works Commission bills addressed to defendant at 800 Deep Creek Road were found in the dwelling. The latest of these bills was dated 24 June 1980. (3) A trash service bill addressed to Alex Williams at 800 Deep Creek Road, dated 26 June 1980, was in the house. (4) A bottle of pills bearing defendant's name was found at the residence. (5) The mailbox in front of the house bore the name Mr. & Mrs. Williams. (6) A path led directly from the house to the dilapidated four-room building behind the residence in which the heroin was found.

We are of the opinion that this was ample, substantial evidence to raise a reasonable inference that defendant was in constructive possession of the dwelling at 800 Deep Creek Road and the outbuilding where the 2.7 grams of heroin were seized. This constructive possession gives rise to an inference of knowledge and possession of the heroin which may be sufficient to sustain a conviction of unlawful possession of heroin. *State v. Allen, supra.*

[2] We next consider whether the evidence presented by the State was sufficient to show possession with an intent to sell or deliver. We held in *State v. Baxter, supra,* that a jury may reasonably infer an intent to sell or deliver a controlled substance from the amount of the controlled substance possessed by the accused, and that a like inference may arise from the presence of material normally used for the packaging of controlled sub-

stances. *See also, State v. Roseboro*, 55 N.C. App. 205, 284 S.E. 2d 725 (1981), *appeal dismissed, disc. rev. denied*, 305 N.C. 155, 289 S.E. 2d 566 (1982).

In instant case, the State's evidence disclosed that on 18 August 1980, heroin was sold from the residence at 800 Deep Creek Road. When the police searched the residence, drug paraphernalia, some containing a heroin residue, were found in the residence. In the shed or outbuilding behind the house, the police located a large plastic bag containing two smaller bags. One of these bags contained about 10-15 tinfoil squares, a material frequently used to package heroin for sale. An identifiable thumb print was found on one of the tinfoil squares, and this thumb print was later identified as being that of defendant.

Proof of fingerprints corresponding to those of an accused found in the place where the crime is committed under such circumstances that they could only have been impressed at the time the crime was perpetrated is admissible to identify the accused as the person who committed the crime. *State v. Rogers*, 233 N.C. 390, 64 S.E. 2d 572 (1951). We emphasize that in this case the State does not rely solely upon fingerprint evidence. In our opinion, the evidence presented supports a reasonable inference that defendant possessed materials used for sale and delivery of heroin. We note in passing that the fingerprint found in close juxtaposition with a substantial amount of heroin is also some evidence that defendant possessed the heroin.

Finally, the amount of heroin seized from the outbuilding was over two-thirds of the amount required to support a conviction of the crime of "trafficking in . . . heroin," a felony mandating punishment of not less than six years' imprisonment and a fine of $50,000. G.S. 90-95(h)(4)a. We are satisfied that this amount of heroin was a substantial amount and was more than an individual would possess for his personal consumption.

We hold that the State's evidence was sufficient to permit, but not require, the jury to reasonably infer that defendant possessed 2.7 grams of heroin with intent to sell or deliver. Therefore, the trial judge correctly denied defendant's motion for a directed verdict.

The decision of the Court of Appeals is reversed.

Reversed.