STATE OF NORTH CAROLINA v. HANSEL ROTEN

No. 8423SC142

(Filed 6 November 1984)

1. **Searches and Seizures § 43— seized evidence—absence of pretrial motion to suppress—waiver of right to contest admissibility**

    By failing to make a motion to suppress seized evidence before trial, defendant waived his right to contest the admissibility of the evidence at trial on constitutional grounds.

2. **Narcotics § 4.3— constructive possession of growing marijuana plants**

    The State's evidence was sufficient to support an inference that defendant had constructive possession of marijuana plants so as to support his conviction of felonious possession thereof where it tended to show that a pipe connected to the water supply in defendant's house was being used to irrigate 171 marijuana plants growing in various plots approximately 282 feet from defendant's house, that the path running through a wooded area to the plots of marijuana plants followed the placement of the pipe and was the only readily accessible means of ingress to and egress from the plots, and that the plants weighed 80 pounds.

APPEAL by defendants from *Freeman, Judge.* Judgment entered 9 November 1983 in Superior Court, WILKES County. Heard in the Court of Appeals 16 October 1984.

Defendant was charged in a proper bill of indictment with felonious trafficking in marijuana in violation of N.C. Gen. Stat. Sec. 90-95(h). He was found guilty of felonious possession of marijuana. From judgment entered on the verdict sentencing him to a prison term of two years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney William N. Farrell, for the State.*

*Franklin Smith for defendant, appellant.*

HEDRICK, Judge.

[1] Defendant's first assignment of error relates to the admission of evidence at trial over defendant's objections. Defendant argues that the witness for the State should not have been allowed to testify "to the illegal search and seizure of the defendant's home and surrounding premises."

N.C. Gen. Stat. Sec. 15A-975 provides that a motion to suppress evidence in superior court must be made prior to trial, subject to several enumerated exceptions. "When no exception to making the motion to suppress before trial applies, failure to make the pretrial motion to suppress waives any right to contest the admissibility of the evidence at trial on constitutional grounds." *State v. Detter,* 298 N.C. 604, 616, 260 S.E. 2d 567, 577 (1979). Defendant does not contend that any of the statutory exceptions apply under the circumstances of the instant case, nor does our examination of the record reveal any support for such a contention. We thus hold defendant waived his right to contest at trial the admissibility of the challenged testimony on constitutional grounds. The assignment of error is overruled.

[2] Defendant next contends the trial court erred in denying his motions to dismiss the charge against him. Considered in the light most favorable to the State, the evidence tends to show the following:

Defendant, his wife, and his son live in the second story of a two-story house in a rural area in Wilkes County. Defendant rents

the first floor to nine young men who are members of a band. On 16 August 1983 officers from the Wilkes County Sheriff's Department went to the defendant's residence with a search warrant. After a search of the house yielded only a picture of a marijuana plant, found in the first story, the officers went outside the residence, where they found a "black plastic-type pipe" connected to the water system in the basement of the house. The officers followed the pipe "across a small pasture area into a wooded area" where it was connected to a green "water-type" hose and where, 282 feet from the house, they found a plot of approximately thirty marijuana plants. The pipe branched off in a "joint or T section," with other pipes or hose in this wooded area, and these led to other plots of marijuana. The pipes were located next to "well worn paths" which ran through the area, and the pipe came to an end just before the path ended. Officers seized 171 plants, ranging in size from six inches to seven feet. The officers searched for "a shorter way" than that offered by the path near defendant's house into the heavily wooded thicket in which the plants were found, but were unable to find any other route by which they might more easily remove the harvested plants. The plants were found to weigh eighty pounds.

N.C. Gen. Stat. Sec. 90-95 defines felonious possession of marijuana as possession of more than one ounce of marijuana. Defendant's contention on appeal is that the State failed to offer evidence tending to show that he possessed the marijuana found near his home, and the charge against him should thus have been dismissed.

Possession of narcotics may be actual or constructive. *State v. Williams*, 307 N.C. 452, 298 S.E. 2d 372 (1983). "Constructive possession exists when a person, while not having actual possession, has the intent and capability to maintain control and dominion over a controlled substance." *Id.* at 455, 298 S.E. 2d at 374.

In the instant case, the evidence tends to show that the pipe running between defendant's house and the plots of marijuana plants was readily visible and was connected, in the basement of defendant's house, to defendant's water supply. Further, the path running through the wooded area to the various plots of marijuana plants followed the placement of the pipe, and was the only readily accessible means of ingress and egress to the plots. There

was ample evidence tending to show that the pipe, connected to defendant's water supply in defendant's house, was being used to irrigate marijuana plants growing 282 feet from defendant's residence. This evidence taken in the light most favorable to the State is more than sufficient to raise an inference that defendant had both the intent and the capability to exercise control over the plants. The court thus acted properly in denying defendant's motion to dismiss.

No error.

Judges BECTON and PHILLIPS concur.