STATE OF NORTH CAROLINA v. WALTER HARRISON

No. 8821SC731

(Filed 18 April 1989)

### Narcotics § 4.3— constructive possession with intent to sell—sufficiency of evidence

The State's evidence was sufficient for the jury to find that defendant had constructive possession of cocaine with intent to sell where it tended to show that defendant was found in a closed room about three feet from a table which had cocaine and paraphernalia commonly used in mixing and packaging cocaine on it; defendant was next to a window under

circumstances from which the jury could infer that it had just been broken; and a jury could infer from the evidence that defendant was either attempting to escape from the premises so that he would not be caught in actual possession of the cocaine or that he was preparing to dispose of the drugs through the broken window for the same reason.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 4 May 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 February 1989.

Defendant Walter Harrison was tried and convicted of possession of cocaine with intent to sell, a violation of G.S. 90-95(a)(1). After finding aggravating factors and determining that they outweighed any mitigating factors, the trial court sentenced defendant to the statutory maximum term of ten years imprisonment. From the judgment entered, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*David F. Tamer for defendant-appellant.*

EAGLES, Judge.

This case involves constructive possession of cocaine. Defendant assigns as error the trial court's denial of his motion to dismiss made at the close of the State's evidence and at the close of all the evidence. We find no error.

In reviewing defendant's motion to dismiss we must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984). The State's evidence tended to show the following. On 11 November 1987 at about 8:00 p.m. Winston-Salem Police Department Detectives Sam Slater (Slater) and J. D. Cook (Cook) executed a search warrant in northeast Winston-Salem at 2316 Woodland Avenue. Slater knocked on the front door, announced that he was a police officer and that he had a search warrant. Cook positioned himself at the rear of the house. No one responded to Slater's announcement. Upon hearing people yelling and running inside the house, Slater kicked the front door open and entered.

**STATE v. HARRISON**

[93 N.C. App. 496 (1989)]

While moving toward the center of the house Slater saw a closed door and heard glass breaking on the other side of the closed door. Slater kicked the door open and saw defendant and one other person, a woman, in the room. Defendant was standing near a broken window where there was glass on the floor. The woman was near the center of the room. On a table about three feet from the defendant there were a number of items including eleven glassine packets of different sizes containing a white powder, later identified as cocaine, and various paraphernalia commonly associated with mixing cocaine. No cocaine or other controlled substances were found on defendant's person. Other than defendant and the woman, there was only one other person found in the house.

Cook testified that while positioned in the back yard he heard glass breaking, went toward the sound, and saw a black man standing next to the broken window. He then saw Slater enter the room. Cook further testified that he saw no one leave the house. Defendant presented no evidence.

To overcome defendant's motion the State must have provided substantial evidence that defendant possessed the cocaine, actually or constructively, and that he possessed it with the intent to sell or deliver. *State v. Williams*, 307 N.C. 452, 455, 298 S.E. 2d 372, 374 (1983). Since defendant did not have actual possession of the controlled substance, the State bases its case upon the doctrine of constructive possession. Our courts have ruled that constructive possession "applies when a person lacking actual physical possession nevertheless has the intent and capability to maintain control and dominion over a controlled substance." *State v. Baize*, 71 N.C. App. 521, 529, 323 S.E. 2d 36, 41 (1984), *disc. rev. denied*, 313 N.C. 174, 326 S.E. 2d 34 (1985). Proof of constructive possession sufficient to overcome a motion to dismiss or directed verdict is shown when the State places the defendant "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession." *State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E. 2d 706, 714 (1972).

On the other hand, defendant contends that our decision in *State v. James*, 81 N.C. App. 91, 344 S.E. 2d 77 (1986), controls here. We disagree. In *James* we said that "[t]he fact that a person is present in a room where drugs are located, nothing else appearing, does not mean that person has constructive possession of the drugs. If possession of the premises is non-exclusive, there must

STATE v. HARRISON

[93 N.C. App. 496 (1989)]

be evidence of other incriminating circumstances to support constructive possession." [Citations omitted.] *Id.* at 93, 344 S.E. 2d at 79. In the instant case there are "other incriminating circumstances."

Here defendant was found in a closed room about three feet from a table which had cocaine and paraphernalia used to mix cocaine on it. In addition, defendant was next to a window under circumstances from which the jury could infer that it had just been broken. From this evidence a jury could infer that either defendant was attempting to escape from the premises so that he would not be caught in actual possession of the drugs or that he was preparing to dispose of the drugs through the broken window for the same reason. Giving the State the benefit of every reasonable inference from this evidence, we hold that the State presented substantial evidence that defendant constructively possessed the cocaine on the table.

Intent to sell or deliver may be shown through circumstantial evidence such as the presence of material, paraphernalia, or cutting agents normally associated with packaging controlled substances. *Williams*, 307 N.C. at 456, 298 S.E. 2d at 375. Here the State presented evidence showing that a sifter, several glassine packets of varying sizes, and other equipment commonly used in packaging cocaine were also found on the table. This is substantial evidence of defendant's intent to sell or deliver. We overrule this assignment of error.

We note that, in his brief, defendant expressly abandoned his remaining assignment of error. Accordingly, we need not address that issue. For the foregoing reasons we hold that defendant received a fair trial free from prejudicial error.

No error.

Judges COZORT and GREENE concur.