STATE OF NORTH CAROLINA v. KARLOS SEBASTIAN NEAL, GARNETT TAYLOR

No. 9226SC26

(Filed 20 April 1993)

**Narcotics, Controlled Substances, and Paraphernalia § 143 (NCI4th) — possession of cocaine with intent to sell and deliver — defendant fleeing scene — large sums of money on one defendant — sufficiency of evidence of constructive possession** ·

In a prosecution of defendants for possession of cocaine with intent to sell and deliver, evidence of defendants' constructive possession of cocaine was sufficient to be submitted to the jury, though it was insufficient to show defendants' exclusive possession of the premises where the cocaine was found, where it tended to show that before officers entered the apartment they observed a shorter man, later identified as defendant Neal, standing in the bathroom where the cocaine was later discovered; defendant Neal fled from the bathroom as the officers entered the apartment, thus supporting an inference that he was fleeing so that he would not be caught actually possessing cocaine; from outside the apartment officers observed a taller man, later identified as defendant Taylor, standing in the bathroom from which cocaine was later retrieved; moments later officers found defendant Taylor in the bathroom, crouched over the toilet, in the process of flushing it; and a large sum of money was found in defendant Taylor's pockets.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

Appeal by defendants from judgments entered 19 September 1991 in Mecklenburg County Superior Court by Judge James U. Downs. Heard in the Court of Appeals 26 February 1993.

Defendants .Neal and Taylor were each charged with possession of cocaine with intent to sell and deliver cocaine, a violation of N.C. Gen. Stat. § 90-95(a)(1) (1990), and with possession of drug paraphernalia, a violation of N.C. Gen. Stat. § 90-113.22 (1990).

## STATE v. NEAL

[109 N.C. App. 684 (1993)]

The defendants entered pleas of not guilty to both charges, and their cases were joined for trial.

The State's evidence tended to show that on 8 November 1990, at approximately 9:00 p.m., the Charlotte Vice Squad executed a search warrant on an apartment at 3823 Texas Court in Charlotte. As the officers approached the apartment, they saw a light shining in the bathroom which illuminated the heads of two males, one short and one taller. The officers knocked and forced open the apartment door, with approximately eight to ten seconds elapsing from the time the officers knocked until they entered the apartment. As the officers entered the apartment, a shorter man, later identified as defendant Neal, ran from the bathroom toward the bedroom, and a taller man, later identified as defendant Taylor, was found in the bathroom. Defendant Taylor, who was standing over the toilet in a crouched position, flushed the toilet as Officer Brown entered the bathroom. A woman, another male, and a small child were seated at a table in the living area when the officers entered the apartment.

The officers searched the apartment and found in the bathroom 6.2 grams of cocaine, packaged in nineteen separate baggies and placed inside one larger baggie which was found inside a cardboard roll of toilet paper on top of the toilet. In addition to the cocaine, the officers discovered approximately $860.00 in defendant Taylor's pockets, $1,999.00 in a sock inside a tennis shoe located in the closet of the bedroom, men's clothing that would fit defendant Taylor, drug paraphernalia, an envelope addressed to defendant Neal, and $200.00 in a dresser drawer in the bedroom.

As the officers prepared to take the defendants to the station, defendant Taylor retrieved tennis shoes from the bedroom.

The trial judge allowed the defendants' motions to dismiss the charges of possession of drug paraphernalia, but denied their motions to dismiss the charges of possession with intent to sell and deliver cocaine. The defendants were each found guilty of the lesser included offense of possession of cocaine, and from judgments imposing active sentences, they appeal.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Robert G. Webb, for the State.*

*Keith M. Stroud for defendant-appellant Karlos Sebastian Neal.*

*James H. Carson, Jr. for defendant-appellant Garnett Taylor.*

STATE v. NEAL

[109 N.C. App. 684 (1993)]

McCRODDEN, Judge.

Defendants have each filed a brief in which the sole assignment of error is that the trial court erred in its denial of their motions to dismiss the charges of possession of cocaine with intent to sell and deliver cocaine. The question presented on appeal to this Court is whether there was sufficient evidence of constructive possession of cocaine for the court to send the case to the jury. We conclude that there was.

A trial court properly denies a motion to dismiss if there is substantial evidence that the offense was committed and that the defendant committed it. *State v. Riddle*, 300 N.C. 744, 746, 268 S.E.2d 80, 81 (1980). In determining whether there is evidence sufficient for a case to go to the jury, the court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *State v. Roseman*, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971).

Since the defendants did not have actual possession of the cocaine, the State relied upon the doctrine of constructive possession. Under that doctrine, the State is not required to prove actual physical possession of the controlled substance; proof of constructive possession is sufficient and such possession need not be exclusive. *State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Constructive possession exists when a person, while not having actual possession of the controlled substance, has the intent and capability to maintain control and dominion over a controlled substance. *State v. Williams*, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983). Where a controlled substance is found on premises under the defendant's control, this fact alone may be sufficient to overcome a motion to dismiss and to take the case to the jury. *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). If a defendant does not maintain control of the premises, however, other incriminating circumstances must be established for constructive possession to be inferred. *State v. Alston*, 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988).

The defendants contend that the evidence does not show that the searched premises were under the control of the defendants, and therefore this Court should find no connection between the defendants and the cocaine. We agree that the State's evidence (men's clothing that <u>might</u> fit defendant Taylor, an envelope found

in a dresser drawer and addressed to defendant Neal, and defendant Taylor's tennis shoes retrieved from the bedroom), when viewed in the light most favorable to the State, is insufficient to establish control of the premises by the defendants. We disagree, however, with the defendants' argument that the evidence in this case causes us to be bound by the ruling in *State v. James*, 81 N.C. App. 91, 344 S.E.2d 77 (1986).

In *James*, the only evidence linking defendant Roddey, a casual visitor to the searched premises, to the cocaine located in the refrigerator was that he was "sneaking around" in the kitchen with a gun in his hand. *Id.* at 96, 344 S.E.2d at 81. The Court stated that "[t]he fact that a person is present in a room where drugs are located, nothing else appearing, does not mean that person has constructive possession of the drugs. If possession of the premises is non-exclusive, there must be evidence of other incriminating circumstances to support constructive possession." *Id.* at 93, 344 S.E.2d at 79 (citation omitted). In the instant case, we find the evidence insufficient to show exclusive possession of the premises by either defendant. As we have noted and as *James* holds, however, there is an additional inquiry into whether there were incriminating circumstances from which a jury might infer possession.

North Carolina Courts interpreting incriminating circumstances have found many examples of circumstances sufficient to allow a case to go to the jury. *Alston*, 91 N.C. App. 707, 373 S.E.2d 306 (1988). Three factual situations which have been held sufficient to allow an inference of constructive possession are similar to the evidence in the case at hand. First, the *Alston* case established that evidence of a defendant's presence in a closed room which contained the controlled substance is sufficient to support an inference of constructive possession. Second, *Alston* also held a large amount of cash found on the defendant's person at the time of the arrest to be another incriminating circumstance. Third, the case of *State v. Harrison*, 93 N.C. App. 496, 378 S.E.2d 190 (1989), held that evidence from which a jury might infer that defendant was fleeing from the area where illegal drugs were found is another circumstance supporting an inference of constructive possession. We find the evidence against defendants Neal and Taylor reveals incriminating circumstances that would allow a jury to infer their possession of cocaine. Before the officers entered the apartment they observed a shorter man, later identified as defendant Neal,

standing in the bathroom where the cocaine was later discovered. Evidence that defendant Neal ran from the bathroom as the officers entered the apartment supported an inference that defendant Neal was fleeing from the bathroom so that he would not be caught actually possessing the cocaine. This evidence is sufficient to support the trial court's denial of defendant Neal's motion to dismiss and to submit his case to the jury.

Likewise, there was sufficient evidence from which a jury could infer defendant Taylor's constructive possession of cocaine. From outside the apartment the officers observed a taller man, later identified as defendant Taylor, standing in the bathroom from which the officers were to retrieve the cocaine. Moments later, the officers found defendant Taylor in the bathroom, crouched over the toilet, in the process of flushing the toilet. A search of defendant Taylor revealed a large amount of cash, approximately $860.00, in his pockets. The trial court properly allowed the jury to review this evidence and to determine defendant Taylor's guilt.

The trial court correctly denied defendants' motions to dismiss, and we consequently overrule their assignments of error.

No error.

Chief Judge ARNOLD and Judge GREENE concur.