**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4232**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER DEWONE GRAY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:03-cr-00043-MR-1)

Submitted: January 12, 2011      Decided: April 1, 2011

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Assistant Federal Defender, Erin K. Taylor, Research and Writing Attorney, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Dewone Gray appeals the district court's judgment revoking his supervised release and imposing a thirty-month prison term. For the reasons that follow, we affirm.

Gray first contends that the district court erred by finding that he committed a Grade A supervised release violation by possessing cocaine with intent to distribute. A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

The district court revoked Gray's supervised release based on Grade C violations that he does not dispute and a Grade A violation that he disputes: possession of cocaine with intent to sell and deliver. Gray concedes that he possessed cocaine, but argues that the district court clearly erred in finding that the possession was with intent to sell and deliver.

Intent to distribute a controlled substance may be inferred from a variety of circumstantial factors, including the

2

method of packaging.  United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990); State v. Morgan, 406 S.E.2d 833, 835 (N.C. 1991).  "Even when the amount of drugs involved is small, the surrounding circumstances may allow the [factfinder] to find an intent to distribute."  State v. James, 344 S.E.2d 77, 80 (N.C. Ct. App. 1986).

Here, Gray was found in possession of fourteen rocks of crack totaling 3.1 grams that were individually packaged. The arresting officer testified that such packaging was consistent with intent to distribute.  Gray was a known substance abuser and, as a condition of supervised release, had undergone numerous tests for drug use and had tested positive for marijuana on several occasions.  However, there was no evidence that he ever had a positive test for cocaine or crack or was a user of these substances.  In light of this evidence, we conclude that the district court did not clearly err by finding that Gray possessed the crack with intent to distribute.

Gray also argues that his sentence is procedurally unreasonable because the district court improperly calculated his policy statement range, failed to provide a sufficient explanation for the sentence imposed, and treated the policy statements as mandatory.  We will not disturb a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable.

United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006).[*]

In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks and citation omitted). The judge also must "set forth enough to satisfy the appellate court that he

---

[*] Gray questions this court's use of the plainly unreasonable standard as provided in Crudup. However, a panel of this court cannot overrule the precedent set by another panel. United States v. Foster, 507 F.3d 233, 251 n.12 (4th Cir. 2007).

4

has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Gray contends that the district court improperly calculated his policy statement range based on a Grade A violation, because the court's finding that he possessed cocaine with intent to distribute was clearly erroneous. As discussed above, this claim is without merit.

Next, Gray challenges the adequacy of the district court's explanation of his sentence. Gray had requested a sentence below the policy statement range of thirty to thirty-seven months' imprisonment, based on his substance abuse problem. Initially, the court did not explain its decision to impose a sentence at the bottom of the policy statement range. However, when Gray requested to have his federal revocation sentence run concurrently with the state sentence imposed on his underlying controlled substance conviction, the court declined, explaining that, although both sentences arose from the same conduct, the state sentence punished a violation of state law and the federal sentence punished Gray's failure to comply with the conditions of supervised release. The court explained that serving his full federal sentence in a federal facility would enable Gray to get the full benefit of the substance abuse treatment available in a federal facility, emphasizing the

5

importance of such treatment for Gray. We conclude that the court's explanation was sufficient for this court to conclude that the judge considered Gray's arguments for a sentence below the policy statement range and provided reasons for the sentence imposed. See Carter, 564 F.3d at 328.

Finally, Gray claims that the district court committed procedural error because it misunderstood U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2009), to require the court to impose the revocation sentence consecutively to Gray's North Carolina sentence on the underlying controlled substance offense. The Chapter Seven policy statements concerning revocation of supervised release are not mandatory. United States v. Davis, 53 F.3d 638, 640-41 n.9 (4th Cir. 1995); see also United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005) (despite "seemingly mandatory language . . . [USSG] § 7B1.3(f) . . . is merely an advisory policy statement"). The district court acknowledged that the policy statements were advisory despite noting the seeming mandatory language in § 7B1.3(f) and offered reasons independent of § 7B1.3(f) for imposing a consecutive sentence. We conclude that the court understood that it had the discretion to determine whether to run the revocation sentence concurrently or consecutively to Gray's North Carolina state sentence on the underlying drug offense.

6

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED