TYSON, Judge.
Billy Joe Edwards ("Defendant") appeals from judgment entered after a jury convicted him of felonious possession of stolen goods or property and felonious safecracking. As Defendant does not appeal from his conviction of felonious possession of stolen goods or property, we find no error in that conviction. We reverse Defendant's conviction for felonious safecracking, vacate the consolidated judgment, and remand for resentencing.
I. Factual Background
The State presented evidence tending to show on 14 May 2014, a safe was stolen from the home of Donna and Scott Rutland. The safe contained the Rutlands' personal documents, such as deeds, titles, birth certificates, and papers from Scott's father. The Rutlands knew Defendant prior to the break-in. Donna testified Defendant had never been inside the Rutlands' home and she had never told Defendant where the safe was located.
The Rutlands lived next door to Heather Gogan and Tim Sellers, who regularly visited the Rutlands. A few weeks before the break-in, Heather had visited Donna. Donna testified Heather saw and inquired about the Rutlands' safe, which was located inside the bedroom closet. Heather and Tim also visited the Rutlands two nights before the break-in. That evening, Scott mentioned his father had recently passed away and left him some money.
On the morning of 14 May 2014 at approximately 6:15 a.m., Scott was preparing to leave for work when an individual he did not recognize approached and asked him for a ride. Scott refused and the individual walked back toward Heather and Tim's home. Scott observed Defendant, who was walking around the corner of Heather and Tim's home, begin to argue with that individual. Defendant never entered the Rutlands' yard, and Scott did not see Heather or Tim prior to leaving for work that morning.
Scott walked back inside and told Donna to lock the doors and "stay safe, [Defendant] and all is out here." Scott left for work around 6:30 a.m. Donna left shortly thereafter to go to work from 8:00 a.m. to 3:00 p.m. Donna did not observe Defendant present in Heather and Tim's yard at any point that morning.
When Donna returned home from work, she discovered her home had been broken into. Officer Chad Hall responded to the scene and conducted an initial investigation. Officer Hall spoke with Heather, Tim, and other neighbors, who said they did not notice anything out of the ordinary.
At the time of Officer Hall's initial investigation, there were no known suspects, and neither Donna nor Scott noticed anything was missing. It was not until the Rutlands' nephew, Spencer Branham, returned the safe that they realized it had been stolen. Many of the documents contained in the safe were missing upon the safe's return.
The State also called Michelle and Dennis Anderson as witnesses. Dennis and Michelle lived in a two-story apartment, and Michelle's son, Tanner Pilkington, lived on the second floor. Michelle testified Defendant arrived at her apartment around 3:00 p.m. on 14 May 2014 with the safe and carried it into the backyard. Defendant eventually brought the opened safe into the Andersons' living room. Neither Michelle nor Dennis saw Defendant open the safe. Michelle testified Defendant was surprised when he found only personal documents located inside, because he had believed the safe contained $15,000 in cash.
While Defendant rifled through the safe's contents, Michelle observed the Rutlands' names on several of the documents. Defendant burned the documents and did not take the safe with him upon leaving the Andersons' apartment. Tanner knew Spencer Branham, Donna's nephew, and called him to come pick up the safe. Spencer testified he did not recognize the safe, but delivered the safe back to the Rutlands' home. Spencer never observed Defendant and the safe present together in the same place.
While Defendant was in jail, Scott visited Defendant with Defendant's father. Scott testified Defendant stated he did not take the safe from the Rutlands' home. Defendant asserted Heather and Tim had given him the safe in exchange for drugs. Defendant admitted he had taken the safe to the Andersons' apartment, but claimed Dennis had opened the safe. This conversation was monitored, recorded by Detective Jones, and played for the jury. Detective Jones affirmed to the jury Defendant's voice was on the recording. The recorded conversation included Defendant's statement admitting he traded "Thad [sic] Gogan for half a gram of drop for that safe."
At the close of the State's evidence, Defendant moved to dismiss all of the charges for lack of substantial evidence. The trial court denied Defendant's motion and instructed the jury on each charge. The trial court further instructed the jury on the theory of acting in concert over Defendant's objection.
The jury found Defendant not guilty of felonious breaking and entering and not guilty of felonious larceny after breaking and entering. The jury found Defendant to be guilty of felonious possession of stolen goods or property and also guilty of felonious safecracking. Defendant pled guilty to having attained habitual felon status. The trial court consolidated the safecracking and possession of stolen property convictions into one judgment. Defendant was sentenced to a minimum term of 84 months and a maximum term of 113 months. Defendant gave notice of appeal in open court.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2015) and N.C. Gen. Stat. § 15A-1444(a) (2015).
III. Issue
Defendant does not contest his conviction for felonious possession of stolen goods or property. Defendant argues the trial court erred by denying his motion to dismiss the charge of safecracking for insufficient evidence. He asserts the State's evidence failed to show Defendant, either by himself or by acting in concert with another, had unlawfully removed the safe from the Rutlands' home.
IV. Standard of Review
The standard of review for a trial court's denial of a motion to dismiss for insufficient evidence is de novo . State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). This Court must determine whether the State has offered "substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." State v. Powell , 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith, 186 N.C. App. at 62, 650 S.E.2d at 33 (citation and quotation marks omitted).
"In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993). Where "the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence." State v. Miller, 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009) (citation and quotation marks omitted). However, "[i]f the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed. This is true even though the suspicion so aroused by the evidence is strong." Powell , 299 N.C. at 98, 261 S.E.2d at 117 (citations omitted).
V. Motion to Dismiss for Insufficient Evidence
Defendant asserts the State failed to present sufficient evidence to show Defendant, either individually or acting in concert with another, unlawfully removed the Rutlands' safe as charged under N.C. Gen. Stat. § 14-89.1(b). We agree.
N.C. Gen. Stat. § 14-89.1(b) (2015) provides: "[a] person is also guilty of safecracking if he unlawfully removes from its premises a safe or vault for the purpose of stealing, tampering with, or ascertaining its contents."
The State failed to present any evidence tending to show Defendant personally removed the safe from the Rutlands' home. Rather, the State relied upon the theory that another person or persons, acting in concert with Defendant, had removed the safe from the Rutlands' home and delivered it to Defendant for the purpose of stealing its contents in exchange for drugs. Defendant contends the State presented insufficient evidence to show he was present at the scene of the crime or that he shared a common plan with any other person to steal the safe.
"To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." State v. Joyner , 297 N.C. 349, 356, 255 S.E.2d 390, 395 (1979). Under this doctrine, when two or more persons act together pursuant to a common plan or purpose, each person, if actually or constructively present, is guilty of any crime committed by another pursuant to the common plan or purpose. State v. Barnes , 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997). A defendant is constructively present where "he is close enough to provide assistance if needed and to encourage the actual execution of the crime." State v. Gaines , 345 N.C. 647, 675-76, 483 S.E.2d 396, 413, cert. denied , 522 U.S. 900, 139 L. Ed .2d 177 (1997).
However, "[m]ere presence at the scene of a crime is not itself a crime, absent at least some sharing of criminal intent." State v. James , 81 N.C. App. 91, 97, 344 S.E.2d 77, 81 (1986). The State must present evidence of a common plan or purpose shared by the defendant with one other person. See State v. Williams , 299 N.C. 652, 656-57, 263 S.E.2d 774, 777-78 (1980). Where there is "no evidence of joint action other than presence at the scene [,]" such evidence will not be sufficient for the charge to be submitted to the jury. James , 81 N.C. App. at 97, 344 S.E.2d at 81.
The State's evidence tended to show at approximately 6:15 a.m. on the morning of the break-in, Scott observed Defendant standing in Heather and Tim's yard. Scott never observed Defendant in the Rutlands' yard, and Donna never saw Defendant at any point that morning. Neither Scott nor Donna saw either Heather or Tim that morning. Except for Scott's testimony showing Defendant present in Heather and Tim's yard early that morning, the evidence fails to show that Defendant was actually or constructively present at the scene when the safe was stolen, somewhere between 8:00 a.m. and 3:00 p.m., while Donna was at work. See Gaines , 345 N.C. at 675-76, 483 S.E.2d at 413.
Presuming, arguendo , that the jury could have inferred Defendant's presence at the break-in based only upon his presence in Heather and Tim's yard at 6:15 a.m., insufficient evidence shows Defendant acted with any other person to unlawfully remove the safe from the Rutlands' home pursuant to a common plan or purpose. While the State presented evidence from Defendant's recorded statement tending to show Heather and Tim gave Defendant the safe in exchange for drugs, no evidence tended to show Defendant knew of or participated in any planning to steal the safe prior to the break-in. The evidence only tended to show Defendant exchanged drugs for the safe after the safe had been stolen.
The record evidence raises no more than a "suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it." Powell , 299 N.C. at 98, 261 S.E.2d at 117. The State presented insufficient evidence to show Defendant, either personally or acting in concert with another, unlawfully removed the safe from the Rutlands' home. The trial court erred by denying Defendant's motion to dismiss for insufficient evidence on the safecracking charge and instructing the jury on the theory of acting in concert. See James , 81 N.C. App. at 97, 344 S.E.2d at 81.
VI. Conclusion
The trial court erred when it denied Defendant's motion to dismiss his safecracking charge for insufficient evidence and when it subsequently instructed the jury on the theory of acting in concert. As Defendant only appeals his conviction for safecracking, we find no error in his conviction of felonious possession of stolen goods or property. We reverse Defendant's conviction for felonious safecracking, vacate the consolidated judgment, and remand for resentencing. It is so ordered .
NO ERROR IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING.
Report per Rule 30(e).
Judges ELMORE and DIETZ concur.